**IN THE COURT OF APPEALS OF IOWA**

No. 23-2128
Filed May 7, 2025

**VENHURE YOSEF TSEGAY,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Wapello County, Michael Carpenter,

Judge.


      Venhure Yosef Tsegay appeals the denial of his application for

postconviction relief.  **AFFIRMED.**


      Thomas M. McIntee, Williamsburg, for appellant.

      Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee State.


      Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Venhure Yosef Tsegay appeals the denial of his application for postconviction relief (PCR). Because the PCR court thoroughly addressed the issue in its ruling, we affirm by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d).

After pleading guilty to first-degree robbery, Tsegay applied for postconviction relief, which the PCR court denied. He appeals. The only issue before us is whether Tsegay's trial counsel was ineffective regarding his guilty plea.[1] While we review ineffective-assistance claims de novo, we do "give weight to the lower court's findings concerning witness credibility." *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025) (citation omitted). Tsegay specifically challenges the PCR court's finding that Tsegay was not coerced into pleading guilty. But trial counsel and Tsegay both testified, and those testimonies provided conflicting narratives. While Tsegay claimed he was threatened and coerced by his trial counsel into an undesirable plea deal, Tsegay's trial counsel described a reluctant but willing defendant weighing his limited options before ultimately accepting the plea. The PCR found trial counsel more credible, and we give deference to such findings. Further, it is Tsegay's burden to establish ineffectiveness given the presumption that "counsel performed competently." *See id.* (citation omitted). We

---

[1] Tsegay actually advances a litany of arguments that were neither presented to nor ruled on by the PCR court; because they were not preserved for our review, we do not address them. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the [lower] court before we will decide them on appeal.").

do not find he met such a burden.  Accordingly, we affirm the denial of Tsegay's application for postconviction relief.

**AFFIRMED.**